NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARICELA MORA ALVAREZ; et al.,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-71093
      19-70540

Agency Nos.   A206-373-867
              A206-373-868
              A206-373-869
              A206-373-870

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 14, 2020[**]
San Francisco, California

Before:  FRIEDLAND and BENNETT, Circuit Judges, and RAKOFF,[***] District
Judge.

Petitioners Maricela Mora Alvarez and her three children are natives and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

citizens of Mexico. The Immigration Judge ("IJ") granted Petitioners protection under the Convention Against Torture ("CAT"). The Board of Immigration Appeals ("BIA") vacated the IJ's decision and ordered Petitioners removed from the United States. Petitioners filed a motion for reconsideration and termination of their removal proceedings, which the BIA denied. We deny the petitions for review challenging the BIA's decisions.

**1.** The BIA did not abuse its discretion by denying Petitioners' motion for reconsideration and termination of their removal proceedings. Our decision in *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-61 (9th Cir. 2019), forecloses Petitioners' argument that, under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the IJ lacked jurisdiction because their Notices to Appear did not contain time information for their removal proceedings.[1] Although Petitioners contend that *Karingithi* was wrongly decided, we are bound by that decision given the absence of any "intervening higher authority" which is "clearly irreconcilable" with it. *Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc).

**2.** The BIA's analysis of government acquiescence in any future torture relied on an "overly narrow construction of the 'acquiescence' standard." *See Parada v. Sessions*, 902 F.3d 901, 916 (9th Cir. 2018). We have made clear that

---

[1] Petitioners' briefing states that their Notices to Appear also lacked place information, but the record belies this assertion.

2

the BIA must consider "the 'efficacy of the government's efforts to stop the drug cartels' violence,' not just the willingness of the national government to do so." *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017) (quoting *Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013)). The BIA therefore erred by asserting that "the government is actively working to combat criminal activity and corruption" without addressing whether those efforts had actually been effective. We have also explained that "the acquiescence standard is met where the record demonstrates that public officials at any level—even if not at the federal level—would acquiesce in torture the petitioner is likely to suffer." *Parada*, 902 F.3d at 916. The BIA's failure to give due consideration to evidence of corruption at the state and local levels in Mexico was thus erroneous. *See id.* (noting that "[e]vidence showing widespread corruption . . . can be highly probative" with respect to the acquiescence inquiry).

These errors were harmless, however, because substantial evidence supports the BIA's determination that Petitioners failed to show that they would more likely than not be tortured (with or without government acquiescence) if they were removed to Mexico. *Cf. Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 & n.5 (9th Cir. 2014). The record does not compel the conclusion that Petitioners would be unable to relocate outside Michoacán, Mexico. Mora Alvarez testified in immigration court that she had no family outside Michoacán who could help her

3

relocate, and no contacts outside Michoacán who could help her find work. But she never testified that she would be unable to relocate outside Michoacán. And the record does not compel the conclusion that conditions in Mexico generally are so dangerous that Petitioners would be likely to be tortured regardless of where they lived in that country. *See United States v. Reyes-Bonilla*, 671 F.3d 1036, 1051-52 (9th Cir. 2012) (indicating that evidence of "widespread abuse" in a country can, on its own, "support CAT relief"). Nor does the record evidence about the past abuse Petitioners suffered in Michoacán from the Knights Templar cartel (which other residents of Michoacán also suffered) compel the conclusion that Petitioners face a particularized threat of torture that satisfies the standard for CAT protection, especially if Petitioners could relocate outside Michoacán. *Cf. Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir 2019) ("That [petitioner] suffered persecution in the past does not necessarily mean he will be tortured in the future.").

**PETITIONS FOR REVIEW DENIED.**